**ABRAMSON & DENENBERG, P.C.**
BY: RICHARD L. STUTMAN, ESQUIRE
IDENTIFICATION NUMBER: 53758
1315 WALNUT STREET, SUITE 500
PHILADELPHIA, PA 19107
(215) 546-1345
rstutman@adlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| **VICKI FRANCIS** | : | |
| 2290 GALLOWAY ROAD | : | |
| Apt. #16A | : | **CIVIL ACTION** |
| BENSALEM, PA 19020 | : | **JURY TRIAL DEMANDED** |
| **Plaintiff** | : | |
| v. | : | **NO. _____** |
| **EILEEN BLANCHFIELD** | : | |
| 139 NEWARK AVENUE | : | |
| LAVALLETTE, NJ 08735 | : | |
| **Defendant** | : | |

_____

### CIVIL COMPLAINT

1. Plaintiff, Vicki Francis (hereinafter "Plaintiff"), is an adult resident of the Commonwealth of Pennsylvania, residing at the above-captioned address.

2. Defendant, Eileen Blanchfield (hereinafter "Defendant", is an adult resident of the State of New Jersey, residing at the above-captioned address.

3. The Court has jurisdiction over the Plaintiff's claim pursuant to 28 U.S.C. § 1332(a)(1) and jurisdiction over the state law claims, pursuant to the principles of pendant and ancillary jurisdiction.

4. Venue is proper under 28 U.S.C. § 1391(b) because the cause of action upon which the complaint is based arose in Bucks County, Pennsylvania which is in the Eastern District of Pennsylvania.

5. On or about April 25, 2024, at approximately 12:00 p.m., Plaintiff was operating her 2013 Nissan Rogue eastbound on Street Road in Bensalem, Pennsylvania toward the intersection with Knights Road in the left-hand turning lane and began to turn left onto Knights Road

6. At the above, date, time and location, Defendant was operating her 2018 Subaru Forester, New Jersey tag number K74RFA, also eastbound on Street Road but in the middle lane of travel, when she carelessly, negligently and illegally turned left from the middle lane and violently struck the Plaintiff's vehicle, as a result of which Plaintiff sustained injuries and damages as hereinafter more fully set forth.

7. At all relevant times, Plaintiff had the right of way and was in the process of making a lawful left-hand turn onto Knights Road in Bensalem, Pennsylvania.

8. The above-described accident was caused solely by the carelessness and negligence of the Defendant and was in no manner due to any act or omission on the part of the Plaintiff.

9. At all times relevant hereto, Plaintiff is deemed to be "Full Tort" status.

10. As a direct and proximate result of the above, Plaintiff sustained serious injuries and/or aggravations thereto, some of which may be permanent, including but not limited to:

    a. Multiple vertebral subluxations of the cervical and lumbar spine;

    b. Sprain and strain of the cervical and lumbar pelvic spine;

    c. Myofascitis of the cervical and lumbar pelvic spine;

    d. Disc protrusion at C2-C3;

    e. Disc protrusion to the left with peripheral annular tear at C3-C4;

    f. Disc protrusion and marginal osteophytosis resulting in left greater than right neural foraminal narrowing at C4-C5, C5-C6 and C6-C7;

    g.  Disc protrusions at T6-T7, T7-T8 and T8-T9;

    h.  Disc bulging at L1-L2;

    i.  Bilateral intraforaminal disc bulging at L2-L3;

    j.  Bilateral intraforaminal disc protrusion in the 2-millimeter range at L3-L4;

    k.  Disc protrusion at L4-L5;

    l.  2.5-millimeter midline/right paramedian disc protrusion at L5-S1;

    m.  C5 radiculopathy on the left; and

    n.  L3 radiculopathy on the left.

11. As a further direct and proximate result of the above, Plaintiff has suffered agonizing aches and severe physical pains, disability, anguish and humiliation, and will continue to suffer the same for an indefinite time into the future, to her great detriment and loss.

12. As a further direct and proximate result of the negligence of Defendant, Plaintiff has had medical treatment and incurred expenses for this treatment and may be obliged to continue to incur additional such expenditures for an indefinite time into the future, to Plaintiff's great detriment and loss. Treatment and expenses to date include, but are not limited to:

| | |
|---|---|
| Dr. James D. Brady<br>5/1/24-12/9/24 | $18,590.00 |
| Northeast Open MRI<br>MRI of the Cervical, Thoracic and<br>Lumbar Spine<br>6/20/24 | $6,000.00 |
| Excel Physical Medicine<br>Dr. Eric S. Rosin<br>EMG<br>6/25/24 & 7/23/24 | $2,725.00 |

Akumin
MRI of the left hip
9/30/24                                             $1,650.00


Better Health Physical Therapy            $

                                    +_____
            PARTIAL TOTAL    $28,965.00

13. As a further direct and proximate result of the above, Plaintiff has been and/or will

be obliged to incur other financial expenses and losses.

14. As a further direct and proximate result of the above, Plaintiff's automobile was

broken and damaged, to Plaintiff's detriment and loss.

### COUNT I – NEGLIGENCE
### PLAINTIFF VS. EILEEN BLANCHFIELD

15. All preceding paragraphs are fully incorporated herein by way of reference.

16. The collision and resulting injuries and damages described above were caused by the

carelessness and negligence of Defendant, Eileen Blanchfield, in addition to that

listed above, included but was not limited to:

   a.  Operating the above stated vehicle at a high and excessive rate of speed

   under the circumstances in violation of 75 Pa.C.S. § 3362;

   b.  Making an illegal left hand turn in violation of 75 Pa C.S. § 3331(b);

   c.  Negligently and carelessly entering Plaintiff's Lane of travel in violation of 75

   Pa.C.S. § 3309(1);

   d.  Operating a vehicle improperly and/or unsafely on the roadway in violation of

   75 Pa.C.S. § 3714;

   e.  Recklessly operating a vehicle in the direction toward another vehicle when

   Defendant saw, or in the exercise of reasonable diligence, should have seen

that further operation in that direction would have resulted in a collision in violation of 75 Pa.C.S. § 3736;

f.  Failing to have the above stated vehicle under proper and adequate control at the time;

g.  Operating the above vehicle without due regard for the rights, safety and position of Plaintiff;

h.  Failing to keep a proper and adequate lookout ahead;

i.  Failing to keep a proper and adequate lookout for other traffic;

j.  Failing to maintain control of a vehicle so as to bring it to a stop without colliding with another vehicle; and

k.  Being otherwise negligent under the circumstances as discovery will reveal.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant Eileen Blanchfield, for an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus costs, interest, delay damages, and other relief as is just and proper.

**ABRAMSON & DENENBERG, P.C.**

BY: *Richard L. Stutman*
　　RICHARD L. STUTMAN, ESQUIRE
　　IDENTIFICATION NUMBER: 53758
　　1315 WALNUT STREET, SUITE 500
　　PHILADELPHIA, PA 19107
　　(215) 546-1345   Ext. 113
　　**rstutman@adlawfirm.com**
　　ATTORNEYS FOR PLAINTIFF

Date:  March 12, 2026

## VERIFICATION

The facts contained in the foregoing are true and correct to the best of the undersigned's knowledge, information, and belief; this statement is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

1-25-26
DATE

VICKI FRANCIS